**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**TAMMY LAVALLEY o/b/o A.W.,**

       **Plaintiff,**

   **v.**                                         **7:12-CV-771
(MAD/VEB)**

**CAROLYN W. COLVIN, Acting Commissioner
of Social Security,**

       **Defendant.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| Legal Aid Society of Northeastern<br>New York, Inc. - Canton<br>17 Hodskin Street<br>P.O. Box 648<br>Canton, New York 13617<br>*Attorney for Plaintiff* | Victoria M. Esposito. Esq. |
| Social Security Administration<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaza - Room 3904<br>New York, NY 10278<br>*Attorney for Defendant* | Monika Proctor, Esq. |

**MAE A. D'AGOSTINO, U. S. DISTRICT JUDGE**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Plaintiff Tammy Lavalley brings the above-captioned action on behalf of the minor child, A.W., pursuant to 42 U.S.C. § 405(g) of the Social Security Act, seeking a review of the Commissioner of Social Security's decision to A.W.'s application for Supplemental Security Income ("SSI"). This matter was referred to United States Magistrate Judge Victor E. Bianchini

for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B) and Local Rule 72.3(d). Magistrate Judge Bianchini recommended that this Court remand the matter solely for the calculation of benefits. (Dkt. No. 17). Presently before the Court is defendant's objection to the Report and Recommendation (Dkt. No. 18). Plaintiff has responded to the objection. (Dkt. No. 19).

## DISCUSSION

The Social Security Act (the "Act") authorizes payment of disability insurance benefits to individuals with "disabilities." An individual under the age of eighteen is disabled, and thus eligible for SSI benefits, if he

> has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i). That definitional provision goes on to exclude from coverage any "individual under the age of 18 who engages in substantial gainful activity. . . ." 42 U.S.C. § 1382c(a)(3)(C)(ii). The agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. 20 C.F.R. § 416.924; *Kittles ex rel. Lawton v. Barnhart*, 245 F. Supp.2d 479, 487-88 (E.D.N.Y. 2003); *Ramos v. Barnhart*, 2003 WL 21032012, at \*7 (S.D.N.Y. 2003). The first step of the test, which bears some similarity to the familiar, five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b); *Kittles*, 245 F. Supp.2d at 488. If so, then both statutorily and by regulation the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3)(c)(ii); 20 C.F.R. § 416.924(b).

If the child has not engaged in substantial gainful activity, then the second step requires examination of whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are severe – that is, which causes more than a minimal functional limitation. 20 C.F.R. § 416.924; *Kittles*, 245 F. Supp.2d at 488; *Ramos*, 2003 WL 21032012, at *7. If the existence of a severe impairment is discerned, at the third step, the agency must next determine whether it meets or equals a presumptively disabling condition identified in the listing of impairments set forth by regulation, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). *Id.* Equivalence to a Listing can be either medical or functional. 20 C.F.R. § 416.924(d); *Kittles*, 245 F. Supp.2d at 488; *Ramos*, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability, and the twelve month durational requirement is satisfied, the child will be deemed disabled. 20 C.F.R. § 416.924(d)(1); *Ramos*, 2003 WL 21032012, at *8.

Under the Social Security Regulations (the "Regulations"), analysis of functionality is performed by consideration of how a claimant functions in six areas which are denominated as "domains," and described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1); *Ramos*, 2003 WL 21032012, at *8. Those prescribed domains include:

> (i) [a]cquiring and using information;
> (ii) [a]ttending and completing tasks;
> (iii) [i]nteracting and relating with others;
> (iv) [m]oving about and manipulating objects;
> (v) [c]aring for [oneself]; and
> (vi) [h]ealth and physical well-being.

20 C.F.R. § 416.926a(b)(1). A finding of disability is warranted if a "marked" limitation, defined as when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities," 20 C.F.R. § 416.926a(e)(2)(i), is found in two of the

3

listed domains. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. Functional equivalence also exists in the event of a finding of an "extreme" limitation, meaning "more than marked," representing an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities," and this rating is only "give[n] to the worst limitations". 20 C.F.R. § 416.926a(e)(3)(i); *see also Morgan v. Barnhart,* 2005 WL 925594, at *11 (S.D.N.Y. 2005).

Using the three-step disability evaluation, the ALJ found at step one that A.W. has never engaged in any substantial gainful activity. (T. 6). At step two, the ALJ concluded that A.W. has severe impairments consisting of speech and language delays. (T. 26). At the third step of the analysis, the ALJ found that none of A.W.'s severe impairments meet, medically equal, or functionally equal any of the listed, presumptively disabling conditions set forth in Appendix 1 of the Regulations. (T. 28). The ALJ evaluated A.W.'s functional abilities in the six domains established by 20 C.F.R. § 416.926a and found that A.W.'s limitations were "marked" in the areas of interacting with and relating to others. The ALJ also found that A.W.'s limitations were "less than marked" with respect to acquiring and using information and in his ability to care for himself. The ALJ found that A.W. had no limitation with in the domains of attending and completing tasks, moving about and manipulating objects and with regard to health and physical well-being. (T. 30-35) . Consequently, the ALJ concluded that A.W. was not disabled. (T. 36).

In seeking federal judicial review of the Commissioner's decision, plaintiff argues that: (1) the ALJ did not properly weigh the evidence; (2) the ALJ erred when he failed to find that plaintiff's impairments met or equaled a Listing; and (3) the ALJ erred when he failed to find that plaintiff's impairments were not functionally equivalent to a Listing.

4

**I.      Report and Recommendation**

In the Report and Recommendation, Magistrate Judge Bianchini concluded that plaintiff had a marked limitation in at least two of the domains identified under 20 C.F.R. § 416.926a and further, that there was persuasive proof and substantial evidence supporting that conclusion.  The Magistrate Judge also concluded that remand for further proceedings "would serve no productive findings" and would only cause further delay.  recommended that the matter be remanded solely for a calculation of benefits.

**II.     Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether plaintiff is disabled.  Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence.  *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Curry v. Apfel*, 209 F.3d 117, 122 (2d Cir. 2000) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Pursuant to 28 U.S.C. § 636(b)(1), this Court engages in a *de novo* review of any part of a Magistrate's Report and Recommendation to which a party specifically objects.  Failure to object timely to any portion of a Magistrate's Report and Recommendation operates as a waiver of further judicial review of those matters.  *See Roland v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).   After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)

Defendant objects to the Magistrate Judge's recommendation for remand solely for a calculation of benefits and argues that the Commissioner should have an opportunity to remedy the legal errors and clarify the decision. To the extent that defendant failed to file specific objections to the Report–Recommendation, the Court reviews those portions of the Report–Recommendation for clear error or manifest injustice. *See Brown v. Peters*, 1997 WL 599355, at *2–3 (N.D.N.Y.) *aff'd without op.*, 175 F.3d 1007 (2d Cir.1999).

## III. Remand for Calculation of Benefits

The court has the power to affirm, modify, or reverse the decision of the Commissioner upon the pleadings and transcript of the record, "with or without remanding the cause for a rehearing". 42 U.S.C. § 405(g); *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004). Reversal for payment of benefits is appropriate "[w]here the existing record contains persuasive proof of disability and a remand for further proceedings would serve no further purpose". *Martinez v. Barnhart*, 262 F.Supp.2d 40, 49 (W.D.N.Y. 2003) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). The Second Circuit has held that "where application of the correct legal principles . . . could lead to only one conclusion, there is no need to require agency reconsideration." *Matovic v. Chater*, 1996 WL 11791, at *6 (S.D.N.Y. 1996) (quoting *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir.1987)).

In this matter, the Magistrate Judge found that, "the record contains persuasive proof of claimant's marked limitation in functioning in at least two of the domains identified under 20 C.F.R. § 416.926a. Defendant objects to remand for a calculation of benefits but fails to cite to any evidence that would warrant remand for further proceedings. Defendant cites to *Bush v. Shalala*, 94 F.3d 40 (2d Cir. 1996) and the Second Circuit's holding that delay alone is an insufficient basis on which to remand for benefits. While that proposition is correct, in the *Bush*

case, the Court held that remand for further proceedings was necessary because the record did not contain conclusive, substantial evidence that claimant was disabled. *Id.* at 46. In this matter, the Magistrate Judge concluded that the record provides persuasive proof and substantial evidence of plaintiff's disability. In the Commissioner's objection, defendant failed to cite to any portion of the record that contradicts that conclusion and fails to establish that the ALJ's decision is supported by substantial evidence. Because the record provides proof of disability, a new hearing would serve no useful purpose.

In addition, *Bush* is factually distinguishable from the matter at hand because the case did not involve a minor claimant. "Substantial delay in awarding benefits is particularly detrimental in the case of disabled children who require rehabilitative services during their formative years in order to become independent adults." *McClain v. Barnhart,* 299 F.Supp.2d 309, 331 (S.D.N.Y. 2004) (citations omitted) (minor claimant was five when his mother first filed his claim, "[t]hus, nine years of his childhood—the time when he was most in need of benefits—have already passed"). "The purpose of providing SSI benefits to children is to assist them while they are children." *Morales ex rel. Morales v. Barnhart,* 218 F.Supp.2d 450, 463 (S.D.N.Y. 2002). In this Circuit, courts have consistently held that prolonged delays in the resolution of social security disputes, involving benefits for children, are particularly harmful. *See Nieves ex rel. Nieves v. Barnhart*, 2004 WL 2569488 (S.D.N.Y. 2004) (delays involving "benefits for children which are not to replace lost income, but to enable low-income families to afford special education, medical treatment, physical rehabilitation, early intervention services, and personal needs assistance for the child" are not tolerated); *see also Archer ex rel. J.J.P. v. Astrue*, 2012 WL 6630147, at *13 (N.D.N.Y. 2012) (five years have passed since plaintiff initially filed for SSI benefits on behalf of minor) (collecting cases).

7

A.W. was born on April 5, 2006. At the time plaintiff filed an application on A.W.'s behalf, on July 17, 2009, A.W. was three years old. Nearly four years have passed since the application was filed. A remand for further consideration, if followed by another appeal, is likely to delay benefits to the minor claimant for several years. Remand for calculation of benefits is necessary in this matter based not only upon the four year delay but also the Magistrate Judge's conclusion that there is "persuasive proof of disability" and defendant's failure to cite to any portion of the record that contradicts the Magistrate's recommendation or requires further development. *See Carroll v. Sec'y of Health and Human Serv.*, 705 F.2d 638, 644 (2d Cir.1983) (four year gap between filing for benefits and decision); *see also Balsamo v. Chater*, 142 F.3d 75, 82 (2d Cir.1998) (remanding for a calculation of benefits where Plaintiff had filed for disabilities more than four years prior to the court's ruling).

## CONCLUSION

**It is hereby**

**ORDERED** that the Report-Recommendation (Dkt. No. 17) is hereby **ADOPTED** in its entirety; it is further

**ORDERED** that the decision denying disability benefits be **REVERSED** and this matter be **REMANDED** to the Commissioner solely for the calculation and payment of benefits; and it is further

**ORDERED** that the Clerk of Court enter judgment in this case.

**IT IS SO ORDERED.**

Dated: June 5, 2013
Albany, New York

Mae A. D'Agostino
U.S. District Judge